# United States Court of Appeals

District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue N.W.
Washington, D.C. 20001-2866

Mark J. Langer  
Clerk

December 11, 2017

General Information  
(202) 216-7000

Clerk  
United States District Court for the Southern District of Florida  
Wilkie D. Ferguson, Jr., U.S. Courthouse  
400 North Miami Avenue  
Miami, FL 33128

    Re:    12-1341, Ramon Lopez v. PRC

Dear Clerk of Court:

    Pursuant to the judgment of this court filed December 11, 2017, a copy of which is enclosed, we are transmitting forthwith the court's original file in electronic format.

    Please acknowledge receipt of the transferred file by sending a confirmation email to dcnoa@cadc.uscourts.gov.

    Sincerely yours,

BY:    /s/  
        Michael C. McGrail  
        Deputy Clerk

Enclosures

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 12-1341**                                                   **September Term, 2017**

FILED ON: DECEMBER 11, 2017

RAMON LOPEZ,
        PETITIONER

v.

POSTAL REGULATORY COMMISSION,
        RESPONDENT

On Petition for Review of an Order
of the Postal Regulatory Commission

Before: ROGERS, KAVANAUGH, and WILKINS, *Circuit Judges*.

### J U D G M E N T

This petition for review of a decision of the Postal Regulatory Commission ("PRC" or "Commission") was briefed and argued by counsel for the Commission and appointed *amicus curiae* for Petitioner Ramon Lopez. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that Lopez's petition for an order directing the Postal Service to restore mail service to Lopez's address be dismissed as moot and his damages claim be transferred to the District Court for the Southern District of Florida.

In 2011, Lopez submitted an administrative complaint to the PRC pursuant to 39 U.S.C. § 3662, alleging that the Postal Service had wrongly suspended mail delivery to his home in Florida. A. 2. Lopez also asserted that the Postal Service's failure to deliver mail to that address prevented him from receiving utility bills and caused him to incur unnecessary expenses. *Id.* In his complaint, Lopez requested two forms of relief: (1) an order directing the Postal Service "to immediate[ly] restore mail service" to his home address and (2) an order directing the Postal Service to pay Lopez at least $2,500 in compensatory damages and filing costs. A. 3. In accordance with its regulations, the Commission construed Lopez's complaint as a service inquiry and forwarded it to the Postal Service for investigation. *See* 39 C.F.R. § 3030.13. The Commission ultimately dismissed Lopez's complaint as moot after the Postal Service represented that it would resume delivery to his house, and subsequently did so. A. 44-45, 50.

1

The Commission also concluded that 28 U.S.C. § 2680(b) barred Lopez's demand for compensatory damages, and thus denied his claim. Petitioner now asks us to find that the Commission acted arbitrarily and capriciously by dismissing his request as moot. He also asks this Court to sever his damages claim and transfer it to the District Court for the Southern District or Middle District of Florida, pursuant to 28 U.S.C. § 1631. *See* 28 U.S.C. §1346(b)(1). The Court addresses each issue in turn below.

Lopez first argues that the Commission erred by dismissing his complaint as moot because dismissal was based on the Postal Service's voluntary cessation of its allegedly wrongful conduct, which "ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). In response, the Commission contends that, as an executive agency, it is not bound by the voluntary-cessation exception to the mootness doctrine and therefore properly dismissed Lopez's first claim for relief, relying on the Postal Service's representation that it would resume mail service.

The Court need not decide whether an agency must apply the voluntary-cessation doctrine: Even assuming Article III standards apply, Lopez can show no injury in light of the restoration of his mail service. *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002) ("A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." (citation and internal quotation marks omitted)). Even if the Court were to hold that the Commission should have issued an order directing the Postal Service to immediately restore mail service to Lopez's Florida address, that decision would provide Lopez no relief because the Postal Service has already resumed mail service as requested.

Nevertheless, Petitioner and *amicus curiae* argue that concerns about voluntary cessation render this case ripe for review. The Court does not agree. The voluntary cessation of allegedly illegal conduct does not necessarily deprive a court of jurisdiction, but the voluntary cessation of conduct will render a case moot if "there is no reasonable expectation that the alleged violation will recur," and intervening events have eradicated the effects of the alleged violation. *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal citations, quotation marks, and alteration omitted). The facts in this case do not fit within the voluntary-cessation exception. In its April 2012 letter to Lopez, the Postal Service stated that it would "resume delivery to [Lopez's Florida address] effective immediately," and "will continue to deliver mail to that address indefinitely," unless there are clear indications that the property is vacant (such as accumulation of the mail outside the house). A. 44. Although Lopez and *amicus curiae* assert that the allegedly wrongful conduct could recur, particularly because the conduct was allegedly motivated by discrimination against Lopez, the Postal Service has stated only that it reserves the right to take future action that it is legitimately empowered to take. *See id.* (citing U.S. Postal Serv., Regulation Handbook, M-41, City Delivery Carriers Duties & Resps., § 241.15 (2001)). Accordingly, the Court will dismiss as moot Lopez's petition for an order directing the Postal Service to restore mail service to his address.

Lopez next argues that neither the Commission nor this Court has jurisdiction to address

his damages claim.  For this reason, Lopez and *amicus curiae* ask the Court to transfer the claim to the District Court for the Southern or Middle District of Florida, pursuant to 28 U.S.C. § 1631. While the Commission agrees with Lopez on the jurisdictional question, it nonetheless urges this Court to deny Lopez's damages claim rather than transfer it for review by a district court.  The Court agrees that it does not have jurisdiction to decide the issue.  *See* 28 U.S.C. § 1346(b)(1) (establishing "exclusive jurisdiction" over certain civil claims against the U.S. government in the district court).  We must next decide whether to transfer or deny Lopez's damages claim.

> Section 1631 provides:
>
> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added).  The Commission contends that transfer is not warranted for three reasons:  (1) Lopez's claim is barred by the Federal Tort Claims Act ("FTCA")'s postal exception, 28 U.S.C. § 2680(b); (2) even if the claim were not barred, Lopez has not established that Florida law would permit Lopez to recover the damages sought; and (3) the claim suffers from two fatal defects – Lopez did not sue the correct party and failed to satisfy the FTCA's presentment requirement.  The Commission asserts that because Lopez's damages claim is barred on these grounds, transfer would not be "in the interest of justice."  28 U.S.C. § 1631. Because each of the Commission's arguments fails, the Court cannot agree that transfer is inappropriate here.

First, Lopez's damages claim is not plainly barred by the FTCA's postal exception,[1] as evidenced by the fact that several courts have found that the Postal Service is not entitled to sovereign immunity for the intentional mis-transmission of mail.  *See, e.g.*, *Colbert v. USPS*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011) ("In th[e] narrow window of intentional mis-transmission, [the Postal Service] is not entitled to sovereign immunity."); *LeRoy v. U.S. Marshal's Serv.*, No. 06-cv-11379, 2007 WL 4234127, at *1 n.2 (E.D. La. Nov. 28, 2007) (noting that a postal employee's "refusal to deliver plaintiff's mail to him was an intentional act, not "'the loss,

---

[1] Pursuant to 28 U.S.C. § 2680(b), the FTCA's waiver of sovereign immunity does not apply to claims "arising out of the loss, miscarriage or negligent transmission of letters or postal matter."  "[M]ail is 'lost' if it is destroyed or misplaced[.]"  *Dolan v. USPS*, 546 U.S. 481, 487 (2006).  Mail is also "lost" if it is stolen by a postal employee. *See, e.g.*, *Levasseur v. USPS*, 543 F.3d 23, 24 (1st Cir. 2008).  "[M]ail is . . . 'miscarried' if it goes to the wrong address."  *Dolan*, 546 U.S. at 487.  Mail is "negligently transmitted" when the Postal Service commits negligence during and related to "the process of conveying [letters or postal matter] from one person to another, starting when the USPS receives the letter or postal matter and ending when the USPS delivers the letter or postal matter."  *Dolan v. USPS*, 377 F.3d 285, 288 (3d Cir. 2004), *rev'd on other grounds*, 546 U.S. 481 (2006).

3

miscarriage, or negligent transmission of letters or postal matter'") (quoting 28 U.S.C. § 2680(b))). Thus, although Lopez does not specify that his claim arises out of an intentional mis-transmission of his mail, if it did – which is plausible – Lopez's claim may be viable.

Second, although the Court agrees with Petitioner and *amicus curiae* that the question of whether Florida law provides a legal basis for the damages sought is better left for the transferee court to resolve, Lopez has made an adequate showing that Florida law plausibly would provide a remedy. *See* Amicus for Pet'r's Reply 23. For instance, *amicus curiae* notes that, under Florida law, an individual may bring conversion claims against or seek damages from mail carriers that intentionally fail to deliver her mail. *Id.* Thus, the Commission's argument on this point is unpersuasive.

Finally, the procedural defects the Commission identifies are insufficient to warrant dismissal of Lopez's damages claim. While the Commission is correct that Lopez has not sued the correct party – *i.e.*, he has sued the Commission rather than the United States – we decline to find this defect fatal, particularly when the case involves a *pro se* litigant. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) ("Courts must construe *pro se* filings liberally."). In addition, we cannot agree that Lopez has failed to satisfy the FTCA's presentment requirement. *See* 28 U.S.C. § 2675. Pursuant to section 2675, Lopez filed a claim with the Commission that sufficiently described his injury and included a sum-certain damages claim. *GAF Corp. v. United States*, 818 F.2d 901, 917 (D.C. Cir. 1987) (describing the presentment requirement); *see* A. 2-3 (Lopez's written complaint). That Lopez presented his demand as a claim for relief under the Postal Accountability and Enhancement Act is of no relevance given Lopez's status as a *pro se* litigant and because it was clear what relief Lopez sought.

For these reasons, the Court declines to dismiss Lopez's damages claim, and instead will transfer the claim to the District Court for the Southern District of Florida.[2]

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to transmit a copy of this judgment and the portion of the original file pertaining to Petitioner's damages claim to the United States District Court for the Southern District of Florida. The Clerk is further directed to withhold issuance of the mandate with respect to Petitioner's restoration of mail service claim until seven days after the resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**PER CURIAM**

---

[2] FTCA claims may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). *Amicus curiae* correctly states that venue would thus be proper in either the Southern District of Florida, where the property at issue is located, or the Middle District of Florida, where Lopez is currently incarcerated. Because Petitioner has not indicated a preference, the Court opts to transfer the claim to the Southern District of Florida because that is where the acts on which Lopez's claim is based occurred.

                                **FOR THE COURT:**
                                Mark J. Langer, Clerk

BY:    /s/
        Michael C. McGrail
        Deputy Clerk

5

# General Docket
## United States Court of Appeals for District of Columbia Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 12–1341<br>Ramon Lopez v. PRC<br>**Appeal From:** Postal Regulatory Commission<br>**Fee Status:** IFP Fee Assesed | **Docketed:** 08/03/2012<br>**Termed:** 12/11/2017 |

**Case Type Information:**
  **1)** Petition for Review
  **2)** Review
  **3)**

**Originating Court Information:**
  **District:** PRC–1 : PRC–C2011–5

**Current Cases:**
  None

**Panel Assignment:**
  **Panel:** JWR   BMK   RLW
  **Date of Hearing:** 10/03/2017   **Date of Decision:** 12/11/2017   **Date Completed:** 12/11/2017

| | |
|---|---|
| Ramon Lopez (Fed Reg No 42004−004)<br>        Petitioner | Ramon Lopez<br>[NTC Pro Se]<br>United States Penitentiary<br>Coleman I<br>Firm: 352−689−6000<br>PO Box 1023<br>Coleman, FL 33521−1023<br><br>Warden (Coleman I)<br>[NTC −]<br>United States Penitentiary<br>Coleman I<br>Firm: 352−689−6000<br>PO Box 1023<br>Coleman, FL 33521−1023 |
| v. | |
| Postal Regulatory Commission<br>        Respondent | Michael S. Raab, Attorney<br>Email: michael.raab@usdoj.gov<br>[COR LD NTC Gvt US DOJ]<br>U.S. Department of Justice<br>(DOJ) Civil Division, Appellate Staff<br>Firm: 202−514−2000<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530−0001<br><br>Jeffrey Eric Sandberg, Attorney<br>Email: jeffrey.e.sandberg@usdoj.gov<br>[COR LD NTC Gvt US DOJ]<br>U.S. Department of Justice<br>(DOJ) Civil Division, Appellate Staff<br>Firm: 202−514−2000<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530−0001<br><br>Stephen Leo Sharfman, Esquire, General Counsel<br>**Terminated:** 08/06/2014<br>Direct: 202−789−6820<br>Email: stephen.sharfman@prc.gov<br>Fax: 202−789−6861<br>[COR LD NTC Gvt US Agency]<br>Postal Regulatory Commission<br>(PRC)<br>Firm: 202−789−6800<br>901 New York Avenue, NW<br>Suite 200<br>Washington, DC 20268−0001<br><br>David Alan Trissell<br>Direct: 202−789−6818<br>Email: david.trissell@prc.gov |

| | |
|---|---|
| | [COR LD NTC Gvt US DOJ]<br>Postal Regulatory Commission<br>(PRC)<br>Firm: 202–789–6800<br>901 New York Avenue, NW<br>Suite 200<br>Washington, DC 20268–0001<br><br>Sonia M. Carson, Attorney<br>Email: sonia.m.carson@usdoj.gov<br>[COR NTC Gvt US DOJ]<br>U.S. Department of Justice<br>(DOJ) Civil Division, Appellate Staff<br>Firm: 202–514–2000<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530–0001<br><br>Robert Noah Sidman<br>**Terminated:** 05/19/2015<br>Direct: 202–789–6820<br>Email: rsidman@cftc.gov<br>[COR NTC Retained]<br>Postal Regulatory Commission<br>(PRC)<br>Firm: 202–789–6800<br>901 New York Avenue, NW<br>Suite 200<br>Washington, DC 20268–0001 |
| _____ | |
| Brooks R. Brown<br><br>Appointed Amicus Curiae for Petitioner | Brooks R. Brown, Attorney<br>Direct: 202–346–4000<br>Email: bbrown@goodwinprocter.com<br>Fax: 202–346–4444<br>[COR LD NTC Appointed Amicus]<br>Goodwin Procter LLP<br>Firm: 202–346–4000<br>901 New York Avenue, NW<br>Washington, DC 20001–4413<br><br>Brian Timothy Burgess, Esquire<br>Direct: 202–346–4000<br>Email: bburgess@goodwinlaw.com<br>[COR LD NTC Appointed Amicus]<br>Goodwin Procter LLP<br>Firm: 202–346–4000<br>901 New York Avenue, NW<br>Washington, DC 20001–4413 |

12-1341 Ramon Lopez v. PRC

Case 1:18-cv-22321-FAM Document 102 Entered on FLSD Docket 06/11/2018 Page 10 of 18
USCA Case #12-1341 Document #1708384 Filed: 12/11/2017 Page 4 of 12

Ramon Lopez,

        Petitioner

    v.

Postal Regulatory Commission,

        Respondent

_____

Brooks R. Brown,

        Appointed Amicus Curiae for Petitioner

| Date | | Entry |
|---|---|---|
| 08/03/2012 | | PETITION FOR REVIEW CASE docketed. [12–1341] [Entered: 08/10/2012 01:02 PM] |
| 08/03/2012 | 📄 | PETITION FOR REVIEW filed [1388605] by Ramon Lopez of a decision by federal agency [Service Date: 08/10/2012 ] Disclosure Statement: Not Applicable to this Party; Certificate of Parties: Not Applicable to this Filing. [12–1341] [Entered: 08/10/2012 01:03 PM] |
| 08/10/2012 | 📄 | CERTIFIED COPY [1388619] of Petition for Review sent to respondent [1388605–2] [12–1341] [Entered: 08/10/2012 01:35 PM] |
| 08/20/2012 | 📄 | CLERK'S ORDER filed [1390021] directing party to file payment of docketing fee PETITIONER payment of docketing fee due 09/19/2012; directing party to file motion to proceed on appeal in forma pauperis. PETITIONER motion to proceed IFP in this court due 09/19/2012; directing party to file ifp prisoner submissions: PETITIONER prisoner trust account report due 09/19/2012. PETITIONER consent to collection form due 09/19/2012. Failure to respond shall result in dismissal of the case for lack of prosecution. The Clerk is directed to send this order to petitioner by whatever means necessary to ensure receipt. [12–1341] [Entered: 08/20/2012 10:36 AM] |
| 08/20/2012 | 📄 | LETTER SENT [1390042] to warden sending Clerk order of docketing fee payment[1390021–2] . Prisoner acknowledgment of receipt from Warden due 09/19/2012 [12–1341] [Entered: 08/20/2012 11:05 AM] |
| 08/28/2012 | 📄 | ENTRY OF APPEARANCE filed [1391794] by Jeffrey E. Sandberg and co–counsel Michael S. Raab, Stephen L. Sharfman, and R. Brian Corcoran on behalf of Respondent PRC. [12–1341] (Sandberg, Jeffrey) [Entered: 08/28/2012 05:02 PM] |
| 09/17/2012 | | MOTION filed [1395822] by Ramon Lopez for leave to pay the filing fees for this case on sequential mode. (Response to Motion served by mail due on 10/04/2012) [Service Date: 09/21/2012 by CM/ECF NDA, Clerk] Pages: 1–10. [12–1341]––[Edited 04/29/2016 by AY––WITHDRAWN BY 04/28/16 CLERK ORDER] [Entered: 09/21/2012 12:00 PM] |
| 09/17/2012 | 📄 | PRISONER TRUST ACCOUNT REPORT FILED [1395823] by Ramon Lopez [12–1341] [Entered: 09/21/2012 12:01 PM] |
| 09/17/2012 | 📄 | PRISONER CONSENT to COLLECTION FILED [1395824] by Ramon Lopez [12–1341] [Entered: 09/21/2012 12:02 PM] |
| 09/17/2012 | 📄 | MOTION filed [1395825] by Ramon Lopez to proceed on appeal in forma pauperis [Case Number 12–1341: IFP Pending USCA] [Service Date: 09/21/2012 ] Pages: 1–10. [12–1341] [Entered: 09/21/2012 12:06 PM] |
| 09/18/2012 | 📄 | RECEIPT [1395190] RECEIVED from Ramon Lopez [signed for on 08/29/2012] for documents [1390042–2] sent to Petitioner Ramon Lopez [12–1341] [Entered: 09/19/2012 10:34 AM] |
| 10/04/2012 | 📄 | RESPONSE IN OPPOSITION FILED [1398118] by PRC to motion for other relief [1395822–2] [Service Date: 10/04/2012 by US Mail] Pages: 11–15. [12–1341] (Sandberg, Jeffrey) [Entered: 10/04/2012 12:53 PM] |
| 10/04/2012 | 📄 | MOTION filed [1398119] by PRC for summary affirmance. (Response to Motion served by mail due on 10/18/2012) [Service Date: 10/04/2012 by US Mail] Pages: 1–10. [12–1341] (Sandberg, Jeffrey) [Entered: 10/04/2012 12:57 PM] |
| 10/18/2012 | 📄 | MOTION filed [1400587] by Ramon Lopez to extend time to file response and reply (Response to Motion served by mail due on 11/01/2012) [Service Date: 10/19/2012 by CM/ECF NDA, Clerk] Pages: 1–10. [12–1341] [Entered: 10/19/2012 12:54 PM] |

| Date | | Entry |
|---|---|---|
| 11/01/2012 | 📄 | CLERK'S ORDER filed [1402639] granting motion to extend time [1400587–2]; response to motion for summary affirmance [1398119–2] now due on 12/03/2012; reply in support of motion for other relief [1395822–2] now due 12/03/2012, Failure to respond shall result in dismissal of the case for lack of prosecution. The Clerk is directed to send this order to petitioner by whatever means necessary to ensure receipt. [12–1341] [Entered: 11/01/2012 03:32 PM] |
| 11/02/2012 | 📄 | LETTER SENT [1402897] to warden sending Clerk order [1402639–3] . Prisoner acknowledgment of receipt from Warden due 12/03/2012 [12–1341] [Entered: 11/02/2012 01:11 PM] |
| 11/13/2012 | 📄 | REPLY FILED [1405200] by Ramon Lopez to response [1398118–2] [Service Date: 11/06/2012 by US Mail] Pages: 1–10. [12–1341] [Entered: 11/15/2012 11:48 AM] |
| 11/29/2012 | 📄 | RESPONSE IN OPPOSITION FILED [1407705] to motion for summary affirmance [1398119–2](Reply to Response by Mail and Response to Cross Motion due on 12/06/2012) combined with a MOTION FILED by Ramon Lopez for summary reversal [Service Date: 11/23/2012 by US Mail] Pages: 1–10. [12–1341] [Entered: 11/30/2012 03:30 PM] |
| 12/03/2012 | 📄 | MOTION filed [1407930] by PRC to extend time to file reply to 12/13/2012. (Response to Motion served by mail due on 12/17/2012) [Service Date: 12/03/2012 by US Mail] Pages: 1–10. [12–1341] (Sandberg, Jeffrey) [Entered: 12/03/2012 01:38 PM] |
| 12/05/2012 | 📄 | CLERK'S ORDER filed [1408414] granting motion to extend time [1407930–2]; reply to response to motion for summary affirmance [1398119–2] and response to cross–motion for summary reversal due on 12/13/2012 [12–1341] [Entered: 12/05/2012 02:07 PM] |
| 12/07/2012 | 📄 | RECEIPT [1409599] RECEIVED from Ramon Lopez [signed for on 11/13/2012] for documents [1402897–2] sent to Petitioner Ramon Lopez [12–1341] [Entered: 12/12/2012 11:44 AM] |
| 12/13/2012 | 📄 | REPLY FILED [1409923] by PRC to Response and RESPONSE FILED to Cross Motion [1407705–2],[1407705–3](Reply to Response by Mail to Cross Motion due on 12/26/2012) [Service Date: 12/13/2012 by US Mail] Pages: 1–10. [12–1341] (Sandberg, Jeffrey) [Entered: 12/13/2012 01:45 PM] |
| 01/02/2013 | 📄 | MOTION filed [1413702] by Ramon Lopez for leave to file motion (Response to Motion served by mail due on 01/07/2013) [Service Date: 12/23/2012 by US Mail] Pages: 1–10. [12–1341] [Entered: 01/07/2013 10:38 AM] |
| 01/02/2013 | 📄 | MODIFIED EVENT FROM FILED TO LODGED––MOTION LODGED [1413711] by Ramon Lopez to extend time to file surreply (Response to Motion served by mail due on 01/07/2013) [Service Date: 12/23/2012 by US Mail] Pages: 1–10. [12–1341]––[Edited 01/07/2013 by AY] [Entered: 01/07/2013 10:49 AM] |
| 01/15/2013 | 📄 | MOTION filed [1415817] by Ramon Lopez for leave to file reply (Response to Motion served by mail due on 01/31/2013) [Service Date: 01/17/2013 by CM/ECF NDA, Clerk] Pages: 1–10. [12–1341] [Entered: 01/17/2013 01:21 PM] |
| 01/15/2013 | 📄 | REPLY (styled as "Petitioner's Sur Reply (sic) and Opposition to Respondent's Reply in Support of its own Motion for Summary Disposition...") FILED [1415818] by Ramon Lopez to response [1409923–2] [Service Date: 01/17/2013 by Clerk, CM/ECF NDA] Pages: 1–10. [12–1341] [Entered: 01/17/2013 01:28 PM] |
| 01/17/2013 | 📄 | CLERK'S ORDER filed [1415895] granting motions for leave to file [1413702–2], [1415817–2]; the Clerk is directed to file motion to extend time [1413711–2]; granting motion to extend time [1413711–2]. The reply in support of the motion for summary reversal is deemed timely filed. [12–1341] [Entered: 01/17/2013 03:12 PM] |
| 01/17/2013 | | PER ABOVE ORDER lodged motion to extend time [1413711–2] is filed [12–1341] [Entered: 01/17/2013 03:18 PM] |

| | | |
|---|---|---|
| 03/12/2013 | | PER CURIAM ORDER filed [1424814] holding case in abeyance. Case 12–1341 held in abeyance pending resolution of the motion to stay collection of fees filed in No. 10–5059, Pinson v. Samuels. Motions to govern future proceedings due 30 days after resolution of the motion to stay collection of fees. Before Judges: Henderson, Griffith and Kavanaugh. [12–1341] [Entered: 03/12/2013 01:53 PM] |
| 08/06/2014 | | NOTICE FILED [1506518] by PRC to withdraw attorney Stephen Leo Sharfman who represented PRC in 12–1341 [Service Date: 08/06/2014 ] [12–1341] (Sandberg, Jeffrey) [Entered: 08/06/2014 05:47 PM] |
| 08/06/2014 | | ENTRY OF APPEARANCE filed [1506519] by David A. Trissell and Robert N. Sidman on behalf of Respondent PRC. [12–1341] (Sandberg, Jeffrey) [Entered: 08/06/2014 05:48 PM] |
| 08/11/2014 | | CLERK'S ORDER filed [1507055] removing case from abeyance; directing party to file motions to govern future proceedings by 09/10/2014 [12–1341] [Entered: 08/11/2014 02:45 PM] |
| 08/11/2014 | | LETTER SENT [1507057] to warden sending Clerk order to govern future proceedings[1507055–3]. Prisoner acknowledgment of receipt from Warden due 09/10/2014 [12–1341] [Entered: 08/11/2014 02:49 PM] |
| 09/02/2014 | | RECEIPT [1510575] RECEIVED from Illegible [signed for on 04/27/2014] for documents [1507055–3] sent to Petitioner Ramon Lopez [12–1341] [Entered: 09/04/2014 10:16 AM] |
| 09/10/2014 | | MOTION filed [1511505] by PRC to govern future proceedings. (Response to Motion served by mail due on 09/25/2014) [Service Date: 09/10/2014 by US Mail] Pages: 1–10. [12–1341] (Sandberg, Jeffrey) [Entered: 09/10/2014 01:35 PM] |
| 09/15/2014 | | MOTION filed [1512582] by Ramon Lopez to govern future proceedings. (Response to Motion served by mail due on 09/22/2014) [Service Date: 09/08/2014 by US Mail] Pages: 1–10. [12–1341] [Entered: 09/17/2014 08:40 AM] |
| 11/18/2014 | | PER CURIAM ORDER filed [1523027] ORDERED, on the court's own motion, that petitioner show cause, within 30 days of the date of this order, why this case should not be transferred to the United States District Court for the District of Columbia, see 28 U.S.C. § 1631, because it appears to arise under the Federal Tort Claims Act, over which the district courts have exclusive jurisdiction, see 28 U.S.C. § 1346(b)(1). The response to the order to show cause may not exceed 20 pages. Respondent's response to petitioner's filing, not to exceed 20 pages, is due within 30 days of the date on which petitioner's response is filed. Any reply from petitioner, not to exceed 10 pages, is due within 15 days of the date on which respondent's response is filed. FURTHER ORDERED, on the court's own motion, that consideration of the parties' motion be deferred pending further order of the court. Before Judges: Rogers, Kavanaugh and Pillard. [Response to Order due 12/18/2014] [12–1341] [Entered: 11/18/2014 03:13 PM] |
| 11/18/2014 | | LETTER SENT [1523029] to warden sending Special Panel order to show cause why this case should not be transferred [1523027–2] . Prisoner acknowledgment of receipt from Warden due 12/18/2014. [12–1341] [Entered: 11/18/2014 03:15 PM] |
| 01/13/2015 | | INCORRECT PDF WAS ATTACHED––CLERK'S ORDER filed [1531604] considering Special Panel order to transfer case [1523027–2]; extending Special Panel order to transfer case to 02/12/2015. Response may not exceed 20 pages. [1523027–2] [12–1341]––[Edited 01/13/2015 by JJA] [Entered: 01/13/2015 09:50 AM] |
| 01/13/2015 | | LETTER SENT [1531607] to warden sending Clerk order [1531604–2] . Prisoner acknowledgment of receipt from Warden due 02/12/2015. [12–1341] [Entered: 01/13/2015 09:55 AM] |
| 02/02/2015 | | LETTER FILED [1535687] by Ramon Lopez regarding incomplete service of order [1531604–2], resending the per curiam order filed on November 18, 2014 [1523027–2]. [Service Date: 02/03/2015 ] [12–1341] [Entered: 02/03/2015 03:35 PM] |

| Date | | Entry |
|---|---|---|
| 02/03/2015 | | CLERK'S ORDER filed [1535677] Extending time to file response to Special Panel order to show cause why the case should not be transfered [1523027-3]. Response to Order due 03/05/2015. Response may not exceed 20 pages [12-1341] [Entered: 02/03/2015 03:18 PM] |
| 02/03/2015 | | LETTER SENT [1535681] to warden sending Clerk order [1535677-2]. Prisoner acknowledgment of receipt from Warden due 03/05/2015. [12-1341] [Entered: 02/03/2015 03:21 PM] |
| 02/20/2015 | | RECEIPT [1538949] RECEIVED from Illegible [signed for on 01/23/2015] for documents [1531604-2] sent to Petitioner Ramon Lopez [12-1341] [Entered: 02/23/2015 01:14 PM] |
| 02/23/2015 | | RECEIPT [1539160] RECEIVED from Illegible [signed for on 02/11/2015] for document [1535677-2] sent to Petitioner Ramon Lopez [12-1341] [Entered: 02/24/2015 09:08 AM] |
| 03/09/2015 | | RESPONSE FILED [1541688] by Ramon Lopez to order to show cause [1523027-2] [Service Date: 03/11/2015 by CM/ECF NDA, Clerk] Pages: 1-10. [12-1341] [Entered: 03/11/2015 09:32 AM] |
| 04/09/2015 | | RESPONSE FILED [1546647] by PRC to order [1523027-2],[1523027-3] [Service Date: 04/09/2015 by US Mail] Pages: 11-15. [12-1341] (Sandberg, Jeffrey) [Entered: 04/09/2015 07:13 PM] |
| 04/27/2015 | | MOTION filed [1549655] by Ramon Lopez to extend time to file motion for extension of time. (Response to Motion served by mail due on 05/04/2015) [Service Date: 04/21/2015 by US Mail] Pages: 1-10. [12-1341] [Entered: 04/29/2015 09:36 AM] |
| 04/27/2015 | | MOTION filed [1549656] by Ramon Lopez to extend time to file response (Response to Motion served by mail due on 05/04/2015) [Service Date: 04/21/2015 by US Mail] Pages: 1-10. [12-1341]--[Edited 04/29/2015 by JJA] [Entered: 04/29/2015 09:37 AM] |
| 05/15/2015 | | REPLY FILED [1553349] by Ramon Lopez to response [1546647-2] [Service Date: 05/20/2015 by CM/ECF NDA, Clerk] Pages: 1-10. [12-1341]--[Edited 05/20/2015 by JJA] [Entered: 05/20/2015 11:47 AM] |
| 05/15/2015 | | MOTION filed [1553351] by Ramon Lopez for leave to file response (Response to Motion served by mail due on 06/04/2015) [Service Date: 05/20/2015 by Clerk, CM/ECF NDA] Pages: 1-10. [12-1341] [Entered: 05/20/2015 11:48 AM] |
| 05/19/2015 | | NOTICE FILED [1553246] by PRC to withdraw attorney Robert Noah Sidman who represented PRC in 12-1341 [Service Date: 05/19/2015 ] [12-1341] (Sandberg, Jeffrey) [Entered: 05/19/2015 04:21 PM] |
| 05/20/2015 | | CLERK'S ORDER filed [1553385] granting motion to extend time [1549655-2], granting motion to extend time [1549656-2]; the Clerk is directed to file motion to extend time [1549656-2]; granting motion for leave to file [1553351-2]; the Clerk is directed to file reply [1553349-2] [12-1341] [Entered: 05/20/2015 01:41 PM] |
| 05/20/2015 | | PER ABOVE ORDER lodged motion to extend time [1549656-2] is filed [12-1341] [Entered: 05/20/2015 01:46 PM] |
| 05/20/2015 | | PER ABOVE ORDER lodged reply [1553349-2] is filed [12-1341] [Entered: 05/20/2015 01:46 PM] |
| 06/22/2015 | | CLERK'S ORDER filed [1558844] It is ORDERED, on the court's own motion, that petitioner show cause, within 30 days of the date of this order, why this case should not be held in abeyance pending the Supreme Court's resolution of No. 14-844, Bruce v. Samuels, cert. granted, Jun. 15, 2015. Respondent is direct to respond to petitioner's response within 30 days. The responses may not exceed ten pages apiece. The Clerk is directed to send a copy of this order to petitioner by whatever means necessary to ensure receipt. [12-1341] [Entered: 06/22/2015 10:56 AM] |
| 06/22/2015 | | LETTER SENT [1558849] to warden sending clerk order [1558844-3]. Prisoner acknowledgment of receipt from Warden due 07/22/2015. [12-1341] [Entered: 06/22/2015 10:58 AM] |

| | | |
|---|---|---|
| 07/29/2015 | | CLERK'S ORDER filed [1565227] ORDERED that the Clerk resend to petitioner the court's order filed June 22, 2015, and that the deadlines established therein are extended to August 31, 2015. The Clerk is directed to send this order to petitioner by whatever means necessary to ensure receipt. [12–1341]––[Edited 07/29/2015 by JJA] [Entered: 07/29/2015 01:49 PM] |
| 07/29/2015 | | LETTER SENT [1565228] to warden sending Clerk order order by warden letter[1565227–2] . Prisoner acknowledgment of receipt from Warden due 08/28/2015. [12–1341] [Entered: 07/29/2015 01:55 PM] |
| 08/21/2015 | | RECEIPT [1569536] RECEIVED from Illegible [signed for on 08/11/2015] for documents [1565227–2] sent to Petitioner Ramon Lopez [12–1341] [Entered: 08/25/2015 09:59 AM] |
| 08/31/2015 | | RESPONSE [1571405] filed by Ramon Lopez to order to show cause [1565227–3] [Service Date: 09/03/2015 by CM/ECF NDA] Pages: 1–10. [12–1341] [Entered: 09/03/2015 03:16 PM] |
| 09/18/2015 | | RESPONSE [1573812] filed by PRC to order [1558844–3],[1558844–2] [Service Date: 09/18/2015 by US Mail] Pages: 1–10. [12–1341] (Sandberg, Jeffrey) [Entered: 09/18/2015 12:58 PM] |
| 11/04/2015 | | CLERK'S ORDER [1582002] discharging order to show cause [1558844–3]. It is FURTHER ORDERED, on the court's own motion, that this case be held in abeyance pending the Supreme Court's resolution of Bruce v. Samuels, No. 14–844 (argued Nov. 4, 2015). The parties are directed to file motions to govern further proceedings herein within 30 days of the Supreme Court's decision in that case. The Clerk is directed to send a copy of this order to petitioner by whatever means necessary to ensure receipt. [12–1341] [Entered: 11/04/2015 04:24 PM] |
| 11/04/2015 | | LETTER [1582003] sent to warden sending clerk order [1582002–4] . Prisoner acknowledgment of receipt from Warden due 12/04/2015. [12–1341] [Entered: 11/04/2015 04:27 PM] |
| 12/14/2015 | | RECEIPT [1588950] received from Illegible [signed for on 11/13/2015] for documents [1582002–3] sent to Petitioner Ramon Lopez [12–1341] [Entered: 12/16/2015 12:48 PM] |
| 02/05/2016 | | MOTION [1597470] filed by PRC to govern future proceedings. (Response to Motion served by mail due on 02/19/2016) [Service Date: 02/05/2016 by US Mail] Pages: 1–10. [12–1341] (Sandberg, Jeffrey) [Entered: 02/05/2016 01:15 PM] |
| 02/16/2016 | | MOTION [1600053] filed by Ramon Lopez to govern future proceedings. (Response to Motion served by mail due on 03/07/2016) [Service Date: 02/22/2016 by Clerk, CM/ECF NDA] Pages: 1–10. [12–1341] [Entered: 02/22/2016 02:01 PM] |
| 04/28/2016 | | CLERK'S ORDER [1610853] filed granting motion to withdraw the September 17, 2012 motion for leave to pay the filing fees in sequential mode. [12–1341] [Entered: 04/28/2016 11:51 AM] |
| 07/07/2016 | | PER CURIAM ORDER [1623518] discharging order to show cause [1523027–3]; granting motion to proceed ifp [1395825–2]; denying motions for summary disposition [1398119–2] [1407705–2]; referring motion to supplement the record [1597470–2] to the merits panel to which this case is assigned. It is FURTHER ORDERED, on the court's own motion, that Brooks R. Brown, a member of the bar of this court, be appointed to present arguments in favor of petitioner's position. Before Judges: Rogers, Kavanaugh and Wilkins. [12–1341] [Entered: 07/07/2016 12:29 PM] |
| 07/07/2016 | | PER CURIAM ORDER [1623519] assessing docketing fee of $450.00 (see order for payment details). The Clerk is directed to send a copy of this order to petitioner by whatever means necessary to ensure receipt. The Clerk is further directed to send to petitioner's custodian a copy of this order and petitioner's consent to collection of fees. Before Judges: Rogers, Kavanaugh and Wilkins. [12–1341] [Entered: 07/07/2016 12:33 PM] |
| 07/07/2016 | | LETTER [1623520] sent to warden sending Special Panel Orders [1623519–4] [1623518–3]. Prisoner acknowledgment of receipt from Warden due 08/08/2016. [12–1341] [Entered: 07/07/2016 12:44 PM] |
| 07/08/2016 | | |

|  |  |  |
|---|---|---|
| | | ENTRY OF APPEARANCE [1623682] filed by Brooks R. Brown and co−counsel Brian Burgess on behalf of Appointed Amicus Curiae for Petitioner Mr. Brooks R. Brown. [12−1341] (Brown, Brooks) [Entered: 07/08/2016 09:24 AM] |
| 07/20/2016 | | RECEIPT [1626392] received from Ramon Lopez [signed for on 07/12/2016] for documents [1626270−2] sent to Petitioner Ramon Lopez [12−1341] [Entered: 07/22/2016 10:42 AM] |
| 07/21/2016 | | CLERK'S ORDER [1626267] filed setting briefing schedule: PETITIONER Brief due 10/19/2016. APPENDIX due 10/19/2016. AMICUS FOR PETITIONER Brief due 10/19/2016. RESPONDENT Brief due on 11/18/2016. PETITIONER Reply Brief due 12/02/2016. AMICUS FOR PETITIONER Reply Brief due 12/02/2016 [12−1341] [Entered: 07/21/2016 03:30 PM] |
| 07/21/2016 | | LETTER [1626270] sent to warden sending Clerk briefing order [1626267−3]. Prisoner acknowledgment of receipt from Warden due 08/22/2016. [12−1341] [Entered: 07/21/2016 03:35 PM] |
| 08/09/2016 | | RECEIPT [1630397] received from Illegible [signed for on 08/02/2016] for documents [1626270−2] sent to Petitioner Ramon Lopez [12−1341] [Entered: 08/15/2016 01:38 PM] |
| 10/19/2016 | | AMICUS FOR PETITIONER BRIEF [1641826] filed by Mr. Brooks R. Brown [Service Date: 10/19/2016 ] Length of Brief: 9,842 Words. [12−1341] (Burgess, Brian) [Entered: 10/19/2016 05:03 PM] |
| 10/19/2016 | | APPENDIX [1641830] filed by Mr. Brooks R. Brown. [Volumes: 1] [Service Date: 10/19/2016 ] [12−1341] (Burgess, Brian) [Entered: 10/19/2016 05:36 PM] |
| 10/20/2016 | | NOTICE [1642247] filed filed by Ramon Lopez [Service Date: 10/21/2016 ] [12−1341] [Entered: 10/21/2016 02:30 PM] |
| 11/04/2016 | | MOTION [1644679] filed to extend time to file brief to 12/19/2016. (Response to Motion served by mail due on 11/17/2016) filed by PRC [Service Date: 11/04/2016 by CM/ECF NDA, US Mail] Pages: 1−10. [12−1341] (Sandberg, Jeffrey) [Entered: 11/04/2016 06:21 PM] |
| 11/08/2016 | | CLERK'S ORDER [1645166] filed granting respondent's motion for a thirty day extension of time to file response brief [1644679−2], The following revised briefing schedule will now apply: RESPONDENT Brief due on 12/19/2016. PETITIONER Reply Brief due 01/03/2017. AMICUS FOR PETITIONER Reply Brief due 01/03/2017 [12−1341] [Entered: 11/08/2016 05:25 PM] |
| 11/08/2016 | | LETTER [1645167] sent to warden sending Clerk order [1645166−3]. Prisoner acknowledgment of receipt from Warden due 12/08/2016. [12−1341] [Entered: 11/08/2016 05:27 PM] |
| 11/17/2016 | | MOTION [1646612] filed to extend time to file brief to 01/10/2017 at 11:59 pm. (Response to Motion served by mail due on 12/01/2016) filed by Mr. Brooks R. Brown [Service Date: 11/17/2016 by CM/ECF NDA, US Mail] Pages: 1−10. [12−1341] (Burgess, Brian) [Entered: 11/17/2016 12:01 PM] |
| 11/18/2016 | | CLERK'S ORDER [1646954] filed granting the motion of court−appointed amicus curiae to extend time to file the reply brief [1646612−2], The following revised briefing schedule will now apply: RESPONDENT Brief due on 12/19/2016. PETITIONER Reply Brief due 01/10/2017. AMICUS FOR PETITIONER Reply Brief due 01/10/2017 [12−1341] [Entered: 11/18/2016 04:22 PM] |
| 11/18/2016 | | LETTER [1646955] sent to warden sending Clerk order [1646954−3]. Prisoner acknowledgment of receipt from Warden due 12/19/2016. [12−1341] [Entered: 11/18/2016 04:28 PM] |
| 12/15/2016 | | RECEIPT [1651642] received from Ramon Lopez [signed for on 11/21/2016] for documents [1646955−2] sent to Petitioner Ramon Lopez [12−1341] [Entered: 12/19/2016 02:39 PM] |
| 12/16/2016 | | LETTER [1651397] filed providing notice of the filing of a corrected opening brief filed by Mr. Brooks R. Brown [Service Date: 12/16/2016 ] [12−1341] (Burgess, Brian) [Entered: 12/16/2016 12:47 PM] |

| Date | | Entry |
|---|---|---|
| 12/16/2016 | 📄 | INCORRECT DOCKET ENTRY–DISREGARD––ERRATA [1651401] filed by Mr. Brooks R. Brown to Amicus brief [1641826–2]. Reason for errata: formatting error. [Service Date: 12/16/2016 ] [12–1341]––[Edited 12/16/2016 by JJA] (Burgess, Brian) [Entered: 12/16/2016 01:15 PM] |
| 12/16/2016 | 📄 | *CORRECTED* AMICUS FOR PETITIONER BRIEF [1651460] filed by Mr. Brooks R. Brown [Service Date: 12/16/2016 ] Length of Brief: 9,842. [12–1341] (Burgess, Brian) [Entered: 12/16/2016 05:18 PM] |
| 12/19/2016 | 📄 | RESPONDENT BRIEF [1651722] filed by PRC [Service Date: 12/19/2016 ] Length of Brief: 10,683 words. [12–1341] (Sandberg, Jeffrey) [Entered: 12/19/2016 10:48 PM] |
| 01/10/2017 | 📄 | AMICUS FOR PETITIONER REPLY BRIEF [1655089] filed by Mr. Brooks R. Brown [Service Date: 01/10/2017 ] Length of Brief: 6,324 Words. [12–1341] (Brown, Brooks) [Entered: 01/10/2017 05:16 PM] |
| 01/13/2017 | 📄 | RECEIPT [1656714] received from Illegible [signed for on 12/15/2016] for documents [1646955–2] sent to Petitioner Ramon Lopez [12–1341] [Entered: 01/23/2017 11:15 AM] |
| 01/17/2017 | 📄 | MOTION [1656752] to extend time to file motion (Response to Motion served by mail due on 02/02/2017) filed by Ramon Lopez (Service Date: 01/23/2017 by Clerk, CM/ECF NDA) Length Certification: 2 pages. [12–1341] [Entered: 01/23/2017 11:44 AM] |
| 01/17/2017 | 📄 | MOTION [1656753] to extend time to file brief (Response to Motion served by mail due on 02/02/2017) filed by Ramon Lopez (Service Date: 01/23/2017 by Clerk, CM/ECF NDA) Length Certification: 2 pages. [12–1341] [Entered: 01/23/2017 11:45 AM] |
| 01/26/2017 | 📄 | CLERK'S ORDER [1657605] filed granting pro se petitioner's motion for leave to file a motion for extension of time to file reply brief or temporary stay [1656752–2], The Clerk is directed to file the lodged motion to extend time [1656753–2], granting pro se petitioner's motion for enlargement of time to file reply brief or for temporary stay. setting briefing schedule: PETITIONER Reply Brief due 03/13/2017 [12–1341] [Entered: 01/26/2017 12:12 PM] |
| 01/26/2017 | 📄 | LETTER [1657613] sent to warden sending Clerk order [1657605–3]. Prisoner acknowledgment of receipt from Warden due 02/27/2017. [12–1341] [Entered: 01/26/2017 12:27 PM] |
| 02/02/2017 | 📄 | MOTION [1659466] for leave to file brief (Response to Motion served by mail due on 02/08/2017) filed by Ramon Lopez (Service Date: 01/29/2017 by CM/ECF NDA, Clerk) Length Certification: 2 pages. [12–1341] [Entered: 02/06/2017 09:30 AM] |
| 02/02/2017 | 📄 | MODIFIED EVENT FROM FILED TO LODGED––PETITIONER REPLY BRIEF [1659468] filed by Ramon Lopez [Service Date: 01/29/2017 ] Length of Brief: 14 pages. [12–1341]––[Edited 02/06/2017 by JJA] [Entered: 02/06/2017 09:33 AM] |
| 02/06/2017 | 📄 | CLERK'S ORDER [1659724] filed granting pro se petitioner's motion for leave to file pro se petitioner's reply brief three days out of time [1659466–2]; The Clerk is directed to file pro se petitioner's lodged reply brief [1659468–2] [12–1341] [Entered: 02/06/2017 04:41 PM] |
| 02/06/2017 | | PER ABOVE ORDER lodged Appellant/Petitioner reply brief [1659468–2] is filed [12–1341] [Entered: 02/06/2017 04:43 PM] |
| 03/03/2017 | 📄 | RECEIPT [1664692] received from Ramon Lopez [signed for on 02/09/2017] for documents [1657613–2] sent to Petitioner Ramon Lopez [12–1341] [Entered: 03/07/2017 10:45 AM] |
| 08/14/2017 | 📄 | CLERK'S ORDER [1688594] filed scheduling oral argument on Tuesday, 10/03/2017. [12–1341] [Entered: 08/14/2017 12:24 PM] |
| 09/15/2017 | 📄 | ENTRY OF APPEARANCE [1693270] filed by Sonia K. McNeil on behalf of Respondent PRC. [12–1341] (Carson, Sonia) [Entered: 09/15/2017 04:41 PM] |

| Date | | Description |
|---|---|---|
| 09/19/2017 | | PER CURIAM ORDER [1693554] filed allocating oral argument time as follows: Appointed Amicus Curiae for Petitioner – 10 Minutes, Respondent – 10 Minutes. One counsel per side to argue; directing party to file Form 72 notice of arguing attorney by 09/26/2017 [12–1341] [Entered: 09/19/2017 12:35 PM] |
| 09/21/2017 | | FORM 72 submitted by arguing attorney, Brian T. Burgess, on behalf of Appointed Amicus Curiae for Petitioner Mr. Brooks R. Brown *(For Internal Use Only: Form is restricted to protect counsel's personal contact information)*. [12–1341] (Burgess, Brian) [Entered: 09/21/2017 02:40 PM] |
| 09/25/2017 | | FORM 72 submitted by arguing attorney, Sonia K. McNeil, on behalf of Respondent PRC *(For Internal Use Only: Form is restricted to protect counsel's personal contact information)*. [12–1341] (Carson, Sonia) [Entered: 09/25/2017 10:02 AM] |
| 10/03/2017 | | ORAL ARGUMENT HELD before Judges Rogers, Kavanaugh and Wilkins. [12–1341] [Entered: 10/03/2017 10:48 AM] |
| 12/11/2017 | | PER CURIAM JUDGMENT [1708365] filed (without memorandum) that Lopez's petition for an order directing the Postal Service to restore mail service to Lopezs address be dismissed as moot and his damages claim be transferred to the District Court for the Southern District of Florida. (SEE JUDGMENT FOR DETAILS). Before Judges: Rogers, Kavanaugh and Wilkins. [12–1341] [Entered: 12/11/2017 03:33 PM] |